Florence **CENTROWITZ**, individually and as **Administratrix** of the **Estate** of **Henry Centrowitz, deceased, Plaintiffs,**

v.

**TEXACO, INC., Defendant.**

**No. 67 Civ. 901.**

United States District Court, S. D. New York.

Aug. 6, 1969.

Juron & Minzner, New York City, for plaintiffs; Albert A. Juron, New York City, of counsel.

McLaughlin, Fiscella & Biancheri, New York City, for defendant; Albert T. Gervais, New York City, of counsel.

## MEMORANDUM

COOPER District Judge.

Plaintiffs move pursuant to Rule 59, F.R.Civ.P. for an order setting aside as legally inadequate the verdicts and judgment entered thereon June 17, 1969 and granting a new trial limited solely to the issue of plaintiffs' damages.

We were astonished when the jury awarded plaintiff Florence Centrowitz $8,200 and made no award to plaintiff estate in claims arising out of personal injuries sustained by her, medical, hospital and other expenses incurred by plaintiff estate, when an automobile under the defendant's control so forcibly hit pedestrian Florence Centrowitz on January 1, 1967 at 5:30 p. m. at the intersection of Delancy and Essex Street, Borough of Manhattan, that—and this was not refuted—a distinct dent was made in the front of the car at the point of contact.

We are ever mindful that a jury's verdict should not be disturbed except in unusually persuasive circumstances where gross injustice ensues; that the Court should not substitute its own estimate of damages for that announced by the jury; that a jury's verdict should not be disturbed because it was not as generous as the facts in the case warranted. (We have had occasion to leave undisturbed a jury's verdict which we regarded as most generous.

See Grunenthal v. Long Island R. R. Co., 292 F.Supp. 813 (S.D.N.Y.1967).) Where, however, as here, the Court's conscience is shocked by the jury's grossly inadequate award to plaintiff Florence Centrowitz in the light of the unrebutted and unambiguous proof of a positive nature on serious issues of fact in the total trial record, and where the jury's verdict made no award to plaintiff estate despite unrefuted proof, including unchallenged documents capable of no interpretation other than what clearly appears on the face thereof, it becomes the bounden duty of the Court to interfere lest a grave injustice result to both. Ample authority exists to sustain this concept.

Having resolved the hotly contested issue of liability in favor of plaintiffs, a determination amply supported by the evidence and not contested by defendant, the jury by its verdicts deprived them of their lawfully fair and just due. After all, juries being human are not infallible. They demonstrate this once in a very great while, as in the case with which we are here concerned. Avoiding injustice to the end that substantial justice be done leaves us with no alternative other than to act favorably on the motion before us.

Substantially for the reasons set forth in the affidavit of plaintiffs' counsel, Albert A. Juron, Esq., verified June 27, 1969 (we see no need to recite them again here), we are constrained to and do grant the relief sought.

Accordingly, the motion is granted and it is

Ordered that a partial new trial be had solely on the issue of damages sustained by plaintiffs.

Plaintiffs are directed to serve a copy of this order and memorandum within ten (10) days after the filing hereof.

So ordered.