Michael YODICE, Plaintiff-Appellee,

v.

KONINKLIJKE NEDERLANDSCHE STOOMBOOT MAATSCHAPPIJ, Defendant and Third-Party Plaintiff-Appellant,

v.

UNIVERSAL TERMINAL & STEVEDORING CORP., Third-Party Defendant-Appellee.

No. 721, Docket 35011.

United States Court of Appeals, Second Circuit.

Argued April 21, 1971.

Decided May 10, 1971.

Johnny Arthur Nelson, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Richard H. Still, Jr., Asst. U. S. Attys., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

William M. Kimball, New York City (Burlingham, Underwood, Wright, White & Lord, New York City, of counsel), for defendant and third-party plaintiff-appellant.

Irving B. Bushlow, Brooklyn, N. Y., submitted brief for plaintiff-appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

FRIENDLY, Circuit Judge:

In these days of serious strains on judicial time, it is regrettable that we must direct a new trial on the issue of damages in this garden-variety longshoreman's personal injury suit because of the combined effect of plaintiff's failure to submit essential elements of proof and error in the charge.

Yodice, a longshoreman employed by Universal Terminal & Stevedoring Corporation, was injured while helping to rig a rain tent on defendant's vessel. His contention was that while he was pulling on a defective lashing, it parted, thus causing him to fall backwards against the ship; defendant's was that Yodice negligently tied on an extra rope length which became untied under pressure. On proper instructions with respect to liability the jury rendered a $15,000 verdict against the shipowner. Decision of the simultaneous non-jury trial of the shipowner's indemnity claim against Universal has been deferred pending this appeal.

The evidence showed that, as a result of the accident, Yodice had incurred medical expenses of $201.50 and had lost about eight weeks of work, and that his loss of earnings during that period amounted to between $1,120 and $1,280 plus overtime. He then returned to work but, because of a partial loss of function in the use of his left arm and shoulder and pain, primarily in the same areas, he was assigned to lighter tasks. There was no diminution in his hourly rate of pay—indeed this apparently increased by a few cents.[1] However, he contended that his unavailability for heavy work and occasional pain caused and would continue to cause him to lose overtime and, sometimes, a day of work.

Defendant had submitted requests that the court charge that any award for future lost income should be based on plaintiff's "work-life" expectancy which, in the case of a longshoreman, could be reasonably contended as not in excess of 65 years, and that any award for future lost earnings or pain must be discounted to present value at a rate which, under today's conditions, should not be less than 5%. Except for the point that an award for pain and suffering need not be discounted when it is in the form of a lump-sum, see Rapisardi v. United Fruit Co., 441 F.2d 1308, 1312, N. 7, (2 Cir. 1971), both requests were in line with so many familiar and control-

---

1. In light of defendant's counsel's refusal "to stipulate at all" with respect to Yodice's hourly rate of pay, we wish to make it clear that our statement of the case is not meant to dispose of this or any other disputed issues of fact with respect to the ascertainment of damages.

ling decisions that extended citation would be supererogatory. See, e. g., Chesapeake & Ohio Ry. v. Kelly, 241 U.S. 485, 491, 36 S.Ct. 630, 60 L.Ed. 1117 (1916); O'Connor v. United States, 269 F.2d 578, 585 (2 Cir. 1959); Conte v. Flota Mercante del Estado, 277 F.2d 664, 670 (2 Cir. 1960); Myers v. Town of Harrison, 438 F.2d 293, 299, 300 (2 Cir. 1971).

 The judge submitted a proposed charge, which we reproduce, in pertinent part, in the margin.[2] As will be observed, this wholly omitted the matter of discounting. Defense counsel excepted on various grounds, including the lack of evidence of diminution of future earning capacity or medical expenses, the failure to charge properly in regard to "work-life" in light of the court's apparent determination to charge on diminution of earning capacity, and the failure to charge at all with respect to the discount factor. The judge responded to the latter two points by saying that Yodice was a "well-nourished male and apparently in superb condition" save as the accident had impaired this, and that if he were to give the requested discount charge, the jury would "have to take into account other things such as inflation and the like." The charge as given[3] was even less satisfactory from defendant's standpoint, since it failed to fill in the blanks in the proposed charge, apparently because evidence necessary for that purpose had not been introduced, as well as failing to instruct at all on work-life expectancy or the discount factor. In light of counsel's clearly stated objections to the proposed charge, which were adverted to and denied by the trial judge, we do not regard his omission to take further exception to the charge as given as constituting an implicit withdrawal of the objections, see Steinhauser v. Hertz Corp., 421 F.2d 1169, 1173 (2 Cir. 1970), although we are not to be taken as en-

2. The plaintiff also has the burden of proving that the defendant's negligence or unseaworthiness caused him damage. He has the burden of proving the monetary value of that damage. He is entitled, if you find that he was damaged, to recover for any medical expenses he incurred for his loss of earnings as a result of the accident or pains and suffering that resulted; for pain and suffering; for diminution of earning capacity; and for any future medical expenses he may incur as a result of the accident. Medical expenses were, the parties agree, $201.50. The defendant claims a loss of eight weeks work from March 17, 1968 to May 13, 1968 and the loss of some later days as well as of overtime. It is agreed that his hourly wage is now $......... It is agreed that his hourly wage at the time of the alleged accident was $........
 * * * * *
In considering possible future losses, you may consider United States statistics which indicated that a white male, ...... years of age, at the time would have an average remaining lifetime of about .... years. Having observed the witness you can also consider his probable work expectancy in the light of his life expectancy.

3. Now, if you find that he was damaged due to either negligence or unseaworthiness, he is entitled to recover for any medical expenses he incurred, for his loss of earnings as caused by the accident, for pain and suffering that was similarly caused. If the pain and suffering prevented him from going to work or from doing overtime and you can compute the amount reasonably that he lost, and the pain and suffering was due to the accident, that would be sufficient, but I don't want you to speculate about damages. I want you to be reasonably accurate in what you find, if you get to the damage issue. That would be compensation for pain and suffering in the past and that he may suffer in the future and for any diminution of earning capacity that he may have. I don't want you to speculate on that either. If you can compute it reasonably, that's one thing. I don't want you to guess about it.
Medical expenses were, the parties agree, $201.50. The plaintiff claims the loss of eight weeks' work from March 17th, 1968 to May 13, 1968, and a loss of some later days as well as overtime. To compute how much overtime he was working from the records in the case and the other evidence, you may use it, but I don't want you to speculate.

couraging failures "to give the court the full assistance it deserved." *Id.*[4]

 Despite the judge's adjuration not to speculate on the diminution of Yodice's earning capacity, the inadequacy of the instruction and the lack of proof left the jury no alternative. There was no reason for allowing the jury to guess at Yodice's age and the consequent length of his work expectancy. His only future economic loss that was predictable with any certainty was in overtime but there was no evidence of its probable amount or rate. While if inflation should continue at its present pace, courts may have to reconsider the propriety of the long recognized charge with respect to discount, cf. McWeeney v. New York, N.H. & H.R.R., 282 F.2d 34, 38 (2 Cir.), cert. denied 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 93 (1960), they have elected not yet to do so, Sleeman v. Chesapeake & Ohio Ry., 414 F.2d 305, 307–308 (6 Cir. 1969). With the complete absence of economic data in the present record and the relatively small loss of future earnings that is even claimed, it is difficult to imagine a case which would be a more inappropriate vehicle for that purpose.

 Defendant asks us to order a new trial on the issue of liability as well as on that of damages. The only substantial argument[5] for doing so would be that, because of the failure to submit written interrogatories, see F.R.Civ.P. 49(b), so desirable in cases of this type, the issue of contributory negligence was not expressly determined, and that if that question must be explored again, it would be less confusing to have the whole case retried. There might be some merit in such an argument on different facts. See Gasoline Products Co,

v. Champlin Refining Co., 283 U.S. 494, 499–500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); 6A Moore, Federal Practice ¶ 59.06 (2d ed. 1966). But here defendant's claim was that the accident was due to Yodice's negligence and not to any failure by the ship; no other negligence on his part was claimed. The jury's finding of liability on the basis of the ship's unseaworthiness necessarily negated defendant's claim. Its suggestion that the question of negligence "is so interwoven with that of liability," Gasoline Products Co. v. Champlin Refining Co., *supra*, 283 U.S. at 500, 51 S.Ct. at 515, that reconsideration of the damages issue independently of the liability issue "would amount to a denial of a fair trial," *id.*, is thus misplaced.

Reversed for a new trial on the issue of damages.

4. As we read the record, defendant's counsel's withdrawal of his exception to the trial judge's proposed charge referred only to the "mitigation" issue, which had been mentioned immediately before the exception was withdrawn, rather than to the entire question of diminution of future earning capacity, work-life expectancy, and discounting which was the subject of the preceding discussion.

5. While counsel for defendant claims that the trial court's response to a question propounded by the jury with respect to the burden of proof constituted reversible error, whatever confusion might initially have been created was sufficiently clarified by the court's restating in summary its charge on the issue.