Michael **YODICE**, Plaintiff-Appellant,

v.

**KONINKLIJKE NEDERLANDSCHE STOOMBOOT MAATSCHAPPIJ,** Defendant-Appellee.

No. 73, Docket 72-1049.

United States Court of Appeals, Second Circuit.

Submitted Nov. 6, 1972.

Decided Dec. 13, 1972.

Certiorari Denied April 16, 1973. See 93 S.Ct. 1902.

Irving B. Bushlow, Brooklyn, N. Y., for plaintiff-appellant.

William M. Kimball, New York City (Burlingham, Underwood & Lord), for defendant-appellee.

Before FRIENDLY, Chief Judge, and MANSFIELD and TIMBERS, Circuit Judges.

PER CURIAM:

This is the second appeal from a jury verdict in this longshoreman's personal injury suit. On the former appeal, which was by the defendant from a verdict for $15,000, Yodice v. Koninklijke Nederlandsche Stoomboot Maatschappij, 443 F.2d 76 (2d Cir. 1971), we ordered a new trial on the issue of damages only because the trial court had failed, after requests by the defendant, to give certain jury instructions concerning damages. On the trial which followed these instructions were incorporated in the charge to the jury, which rendered a verdict of $1,500.[1] This time appellant Yodice asks us to set aside the verdict in his favor on the ground of inadequacy. We affirm.

We note at the outset that our decision in Dagnello v. Long Island R. R. Co., 289 F.2d 797, 806 (2d Cir. 1961), dispelled any doubt about our "power to review the order of a trial judge refusing to set aside a verdict as excessive . . .", or, by parity of reasoning, as inadequate. See generally, 6A J. Moore, Federal Practice ¶59.08[6] at 3824, et seq. (2d ed. 1971). Dagnello established a standard of review which allowed the Court of Appeals to overturn the trial judge's denial of a new trial for excessiveness of the verdict only where "the amount is so high that it would be a de-

---

1. Prior to the trial the action of the defendant Koninklijke against the former third-party defendant Universal Terminal & Stevedoring Corporation was discontinued with prejudice by stipulation of all the parties.

nial of justice to permit it to stand," and hence, "an abuse of discretion," giving the "benefit of every doubt to the judgment of the trial judge." 289 F.2d at 806. Although not deciding the point because it was unnecessary to do so, we observed in Caskey v. Village of Wayland, 375 F.2d 1004, 1008 (2d Cir. 1967), that there did not seem to be "any sound rationale for formulating standards to be applied when a verdict is challenged as inadequate which would differ from those utilized upon a challenge for excessiveness." We adhere to that observation.

▮▮▮ Applying the *Dagnello* standard, after making a "detailed appraisal of the evidence bearing on damages," Grunenthal v. Long Island R. R. Co., 393 U.S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed. 2d 309 (1968), we find no abuse of discretion on the part of Judge Weinstein in denying the motion for a new trial in this case. Although appellant claims that the verdict was less than the damages actually incurred and proven by undisputed evidence, a situation which should result in a new trial as to damages, see, *e. g.*, Devine v. Patteson, 242 F.2d 828, 832 (6th Cir.), cert. denied, 355 U.S. 821, 78 S.Ct. 27, 2 L.Ed.2d 36 (1957); Centrowitz v. Texaco, Inc., 49 F.R.D. 142 (S.D.N.Y.1969), the record indicates that, to the contrary, the jury could properly have chosen to believe from the controverted proofs offered at trial that appellant's damages were limited to the $1,500 sum it awarded. Additional amounts, which appellant asserts should have been awarded as damages, could appropriately have been rejected on the grounds that the jury gave more credence to the appellee's medical experts than to appellant or his experts and that appellant had in its view failed to prove sufficiently that days on which he was idle and hence lost wages did not result from the accident for which appellee was held liable.

We need not speculate on what basis the jury reached the amount of its verdict. Our task is simply to determine whether appellant was wrongfully denied recovery for damages proven and undisputed. This we do not find. It was stipulated by the parties that medical expenses resulting from the injuries suffered by appellant when he fell backwards against a part of the ship while rigging a rain tent on appellee's vessel amounted to $201.50. Evidence presented by appellant also indicated, without real contradiction, that as a result of the accident he was out of work for about two months from mid-March to mid-May 1968. The testimony of Victor Tartagliune, a representative of the Guarantee Department of the New York Shipping Association, leaves somewhat ambiguous whether the hourly wage for a longshoreman in Yodice's capacity was $3.62 or 8% less, but viewing the testimony most favorably to appellant, an absence of nine weeks at 40 hours per week would have resulted in a loss of $1,303.20. The total verdict of $1,500 covered these essentially uncontroverted losses.

The record does not support appellant's claim that proof of greater losses (due to general pain and suffering, physical impairment, and sporadic loss of work resulting from periodic occurrences of disabling pain) was not "effectively controverted" by appellee. There was a sharp conflict in the testimony of the medical experts, including proof from which the jury could reasonably have concluded that appellant's physical condition was not worsened in a way that would cause a diminution of future earning capacity. Appellant had suffered injuries of the head in previous accidents, and the jury could have either discredited his testimony about the disabling pain of this one or found a lack of causal connection with the accident in question. Finally, though some testimony by Mr. Tartagliune might have supported a claim of lost time beyond the immediate post-accident period, there was considerable ambiguity concerning the number of days actually missed by appellant and the reasons therefor, as well as the consequences thereof. Appellant was covered by the International Long-

shoremen's Association's (ILA) guaranteed annual income plan which insured against a lack of work available to longshoremen. The jury could have found that the testimony concerning the operation of the plan in appellant's case failed to support directly the loss of time claimed by appellant or to link his absences to the accident. Moreover, appellee presented countervailing evidence in the form of the Waterfront Commission's validation report of Yodice's work history which indicated far fewer absences than did the ILA records.

Under these circumstances, and where the charge to the jury was sufficient, we cannot say that the jury refused to award any damages that could properly be labelled as undisputed. We have examined appellant's other contentions and find them to be without merit.

Affirmed.