**Robert L. DAVIS, Plaintiff-Appellant,**

v.

**BECKER & ASSOCIATES, INC.,
Defendant-Appellee.**

No. 77-2359.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1979.

Rehearing Denied Jan. 29, 1980.

Carl J. Barbier, New Orleans, La., for plaintiff-appellant.

Normand F. Pizza, New Orleans, La., for defendant-appellee.

Darryl J. Tschirn, Covington, La., for other interested party.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff Davis, a piledriver-seaman, brought this action against his employer under general maritime law and the Jones Act for injuries suffered in December 1975. The case was tried April 12–14, 1977. The jury answered Rule 49(a) interrogatories by finding, in response to Interrogatory No. 1, that the defendant was negligent in a manner that caused injury to plaintiff and, in response to No. 3, that plaintiff was not contributorily negligent. Interrogatory No. 5 said: "Fill in the amounts beside the statements below that will fairly and adequately compensate Mr. Davis for his damages." The jury answered:

(a) The amount, if any, he is due for lost wages from the date of the accident to the present date?

$ 8391

(b) The amount, if any, he will lose in earnings each calendar year after the date of this trial due to the injury sued upon?

$ 7292

(c) The number of years, if any, he will sustain the yearly loss of earning capacity that you have listed in part (b) of this question. Indicate the total number of years in the space.

2 years.

(d) The amount due him, if any, for physical and/or mental pain and suffering, including physical disability, past, present and future?

$ 0

The court entered judgment for plaintiff in the amount of $21,949.82.[1] Plaintiff moved for a new trial on the ground that the answer to 5(d), awarding damages of "0" for pain and suffering, was inconsistent [with the answers to 1, 5(a), 5(b), and 5(c)]. The motion was denied. We agree with plaintiff that the answer to Interrogatory 5(d) was inconsistent, and we reverse and remand for new trial on damages only.

By its answer to No. 1, the jury found that plaintiff suffered an injury in December 1975 caused by defendant's negligence. He had incurred a prior injury to his back in 1970, requiring removal of the torn portion of a disc. The defendant contends that the jury could have related pain and suffering after December 1975 to only the 1970 injury. We need look at only the period beginning in July 1976 to see that this contention will not stand examination.

On July 23, 1976, Davis was examined by Dr. Raymond C. Llewellyn, who had treated him for the 1970 injury.[2] Dr. Llewellyn found Davis was suffering from muscle spasm in both cervical spine and low back areas. Davis was "uncomfortable," which Dr. Llewellyn explained meant that he was in pain. In his opinion Davis was then incapacitated from gainful employment.

Dr. Llewellyn saw Davis again in September 1976, and his condition was essentially unchanged except that he was experiencing precipitous collapse of his legs, causing near falls, and he was walking with a protective limp favoring one leg, and had decreased sensitivity in one leg. He had marked soreness in his back. There was

---

1. Lost wages to time of trial of $8,391.00; plus future earnings for two years at $7,292.00 per year, discounted at 5%.

2. Prior to July 23, 1976, Davis had been seen by a neurologist and an orthopedist. In Dr. Llewellyn's opinion, despite some seven months of treatment, Davis was not improving.

objective evidence of muscle spasm consistent with nerve root irritation or ruptured disc. Various tests were compatible with a ruptured disc in the lower back. Davis was disabled from gainful employment and his condition was worsening. In Dr. Llewellyn's opinion, Davis' condition in July and in September came from either reinjury or reactivation of the 1970 back injury.

Davis was hospitalized in October. He had X-rays and a myelogram. Dr. Llewellyn operated on him and found that the intact or uninjured part of the disc that had been repaired in 1970 and left in place was damaged. The disc was torn and parts of the disc not injured in 1970 were out of their usual place and irritating the nerves. These conditions as observed in October 1976, Dr. Llewellyn testified, were a consequence of the new or additional injury and not of the 1970 injury. Dr. Llewellyn again repaired the disc and performed a decompressive laminectomy (removal of bone from the spine). He also found scar tissue on a nerve near the site of the injury and he cut the nerve itself, a "sensory ganglionectomy," to lessen it as a source of leg pain.

There was other medical testimony by a doctor who had examined Davis one time, for the insurance company, in May 1976. He considered Davis' complaints to be related to the 1970 injury, and in his opinion Davis did not have a ruptured disc.

The jury having found that plaintiff was injured from the 1975 accident, the defendant was liable for the consequences thereof. The jury awarded 100% of lost wages from the date of the accident (December 1975) to trial and for two years after trial (which would be to April 1979). To grant this award the jury necessarily found that Davis was totally disabled for this period of nearly four years as a consequence of defendant's negligence. Davis underwent pain and suffering during this period of disability. Plaintiff described the pain. Dr. Llewellyn described plaintiff's pain, as revealed by subjective and objective symptoms. Dr. Llewellyn also described the surgical procedures performed on Davis, and they necessarily involved pain. Since Dr. Llewellyn related plaintiff's pain and suffering after July 1976 to the December 1975 accident we must consider whether there was evidence on the basis of which the jury could conclude that, although plaintiff was injured in December 1975 sufficiently to disable him totally until April 1979, his pain and suffering from and after July 1976 was solely attributable to the 1970 accident. There was not. The only evidence that even tangentially related post-December 1975 pain to the 1970 accident was the testimony of the doctor who saw plaintiff briefly in May 1976 and who did not even discover that plaintiff had a ruptured disc. In reaching a finding of liability on the part of defendant the jury necessarily accepted Dr. Llewellyn's testimony relating plaintiff's damaged disc to the 1975 injury. The fact of injury in December 1975 and the nature of that injury having been established, there was no substantial evidence that related plaintiff's pain to the earlier injury to the same disc.

Thus the interrogatory awarding "0" damages for pain and suffering cannot be reconciled with Interrogatory No. 1, finding that defendant negligently caused injury to plaintiff, and 5(a), (b) and (c), awarding 100% of lost earnings to April 1979.

REVERSED and REMANDED for a new trial on damages only.