GAUDIN, Judge.
Robert Arts and his wife Augustine, contending that they were injured in an automobile accident, were jointly awarded $1,200.00 by a civil jury in the Twenty-Fourth Judicial District Court, a sum slightly less than the alleged special damages. The trial judge added $24.00 to the award.
Appellants ask this court to increase their awards.
The special damages were:
$ 150.00 — Doctor expenses, Mr. Arts;
180.00 — Doctor expenses, Mrs. Arts;
49.96 — Drug prescriptions; and
744.24 — Property damage.
$1,124.20 — Total.
The original $1,200.00 award was not itemized and the trial judge did not explain his $24.00 addition, but it is likely that the jury (and, later, the judge) meant to award an amount corresponding with the actual out-of-pocket expenses, nothing more.
If plaintiffs are awarded the amount of their medical expenses, must they also be awarded damages for pain and suffering? The jury and trial judge did not think so, considering the facts and circumstances.
Neither Mr. nor Mrs. Arts appeared to be injured at the accident scene and they did not seek medical help until sixteen (16) days after the accident. While the jury and judge were sympathetic enough to award the sums they did, it is quite clear that the jurors and judge were unimpressed by plaintiffs’ testimony concerning pain and suffering.
During the course of the hearing on the motion for a new trial, the attorney for Mr. and Mrs. Arts addressed the trial judge:
“Your Honor, I’d just like to point out for the record that, assuming that they found that there were special damages in the case, I would have to assume that there was pain and suffering.”
The judge replied:
“I don’t assume that. I don’t assume anything, and the jury didn’t assume that, and they probably didn’t believe that there was any suffering. They might have believed that this was a fake claim...”
Appellants cite Davis v. Becker, 608 F.2d 621, and several other decisions holding that it was inconsistent for a jury to find the defendant negligent and not make awards for pain and suffering.
Each such ease, however, must stand on its own merits and there can be no steadfast rule. In the instant case, there was no showing of either immediate or substantial pain, and the jury obviously felt that $1,200.00 would be a fair and equitable award.
A reading of the record indicates that a slightly higher award could be considered reasonable and within the jury’s discretion, but we cannot say that an award of $1,200.00 was manifestly erroneous and without a factual basis.
Thus, we affirm the jury award of $1,200.00 and the $24.00 addition by the district judge.
AFFIRMED.