Gary T. BROOKS, Esq., As Administrator of the Estates of Charles Rosploch, Sr. and Theresa Rosploch, Plaintiff–Appellant,

v.

BRATTLEBORO MEMORIAL
HOSPITAL, Defendant,

Robert D. Orr, M.D. and Houston
F. Stevens, M.D., Defendants–
Appellees.

No. 917, Docket 91–7816.

United States Court of Appeals,
Second Circuit.

Argued Jan. 29, 1992.

Decided March 10, 1992.

Bruce W. Felmly, Manchester, N.H. (Peter D. Anderson, McLane, Graf, Raulerson & Middleton, P.A., of counsel), for plaintiff-appellant.

Allan R. Keyes, Rutland, Vt. (Martha M. Smyrski, Ryan Smith & Carbine, Ltd., of counsel), for defendant-appellee Orr.

John B. Webber, Rutland, Vt. (Hull, Webber, Reis & Canney, of counsel), for defendant-appellee Stevens.

Before ALTIMARI, WALKER, and McLAUGHLIN, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff-appellant Gary T. Brooks, Esq., as administrator of the estates of Charles Rosploch, Sr. and Theresa Rosploch ("plaintiff-appellant" or "appellant"), commenced the underlying diversity action in the United States District Court for the District of Vermont (Franklin S. Billings, Jr., *Chief Judge*), against defendant Brattleboro Memorial Hospital ("BMH") and defendants-appellees Dr. Robert D. Orr and Dr. Houston F. Stevens.[1] The complaint alleged that Dr. Orr and Dr. Stevens negligently failed promptly to diagnose and treat Mrs. Rosploch for a dangerous bacterial infection and thereby caused her to incur medical expenses and pain and suffering prior to her death. Plaintiff-appellant also sought damages for loss of consortium to Mr. Rosploch and pecuniary loss to Mrs. Rosploch's next-of-kin as a result of her wrongful death.

After a ten-day trial before Judge Billings and a jury, the jury found by special interrogatories that, among other things, Dr. Orr and Dr Stevens were negligent and that their negligence proximately caused Mrs. Rosploch to incur medical expenses and pain and suffering, and caused pecuniary loss to her next-of-kin. The jury awarded damages for all of Mrs. Rosploch's medical expenses, but awarded nothing for her uncontested pain and suffering. The jury also awarded nothing for pecuniary loss or loss of consortium. The jury found that BMH was not liable.

Both plaintiff-appellant and defendants-appellees filed post-trial motions with the district court. Plaintiff-appellant moved pursuant to Fed.R.Civ.P. 59(a) for a new trial on damages or, alternatively, on all issues. Plaintiff-appellant contended, among other things, that insofar as the verdict awarded damages for *all* of Mrs.

Rosploch's medical expenses and nothing for uncontested pain and suffering, the verdict was irreconcilably inconsistent and was inadequate as a matter of law. Defendants-appellees moved pursuant to Fed.R.Evid. 59(e) to amend the judgment by reducing the amount of medical expenses awarded to conform to a stipulation entered into between the parties. In a post-trial opinion and order, the district court denied plaintiff-appellant's motion in all respects but granted defendants-appellees' motions.

On appeal, plaintiff-appellant renews the claims set forth in his post-trial motion and also contends that the district court erred in granting defendants-appellees' motion to amend the judgment without affording him the opportunity to accept a remittitur or, in the alternative, a new trial.

For the reasons set forth below, we reverse the district court's order denying plaintiff-appellant's motion for a new trial, vacate the amended judgment, and remand for a new trial on all issues.

## BACKGROUND

On March 8, 1987, Theresa Rosploch, aged seventy, was admitted to BMH in Brattleboro, Vermont, by her personal physician, Dr. Robert D. Orr. Based on her symptoms at the time of admission, Dr. Orr suspected that Mrs. Rosploch was in danger of having a stroke. For the next ten days, Mrs. Rosploch remained in BMH receiving treatment and undergoing a series of diagnostic tests ordered by Dr. Orr, including certain radiological tests, commonly known as CAT scans, that were performed and interpreted by Dr. Houston F. Stevens. Dr. Orr did not, however, order that blood cultures be taken from Mrs. Rosploch to check for the presence of a blood infection.

Although Mrs. Rosploch was discharged from BMH on March 18, 1987, her condi-

---

1. This case was originally commenced by Charles Rosploch, Sr., both individually and as executor of the estate of his wife, Theresa Rosploch. However, prior to oral argument in this case, Charles Rosploch, Sr. died. After the requisite probate papers were filed in state court, a motion was made on February 7, 1992 pursuant to Fed.R.App.P. 43(a) to substitute Gary T. Brooks, Esq. for Mr. Rosploch as plaintiff-appellant in this action. On February 18, 1992, we granted this motion.

tion did not improve. On March 23, 1987, she visited the emergency room of BMH and again was examined by Dr. Orr. Although he did not admit Mrs. Rosploch to BMH, Dr. Orr suggested to Mrs. Rosploch and her family that she consult a second physician at Mary Hitchcock Memorial Hospital ("Mary Hitchcock") in Hanover, New Hampshire to determine the nature of her illness.

Rather than proceed to Mary Hitchcock to obtain a second opinion, the following day Mrs. Rosploch consulted her husband's physician, Dr. Luther Emerson, who admitted her to BMH. As a result of blood cultures ordered by Dr. Emerson, it was determined on March 27, 1987, that Mrs. Rosploch was suffering from a dangerous bacterial blood infection known as listeria. Antibiotic treatment was commenced immediately. However, according to the testimony of Dr. Orr, the previously undiagnosed and untreated listeria had spread to her brain sometime between her first and second BMH admissions and eventually caused brain abscesses to form.

Because Mrs. Rosploch's condition did not improve at BMH, she was transferred to Mary Hitchcock on April 3, 1987. There, as a result of the listeria infection and complications caused by, among other things, internal bleeding and previously diagnosed non-alcohol related cirrhosis, Mrs. Rosploch died on May 3, 1987. It is undisputed that as a result of her deteriorating condition and of the necessary medical tests and procedures performed on her, Mrs. Rosploch suffered greatly during her stay at Mary Hitchcock.

Plaintiff-appellant thereafter initiated the underlying diversity action in the United States District Court for the District of Vermont against BMH and Dr. Orr and Dr. Stevens. The complaint alleged that the defendants were negligent in failing promptly to diagnose and treat Mrs. Rosploch's listeria infection and that this negligence caused Mrs. Rosploch to incur medical expenses and pain and suffering. Additional damages were claimed for pecuniary loss to Mrs. Rosploch's next-of-kin and for loss of consortium to Mr. Rosploch.

A ten-day jury trial was held before Judge Billings. At trial, plaintiff-appellant's expert, Dr. Robert Cross, testified that measured by generally accepted medical standards and practices, see Vt.Stat. Ann. tit. 12 § 1908 (Supp.1990–91), Dr. Orr acted unreasonably in failing to diagnose and treat Mrs. Rosploch's listeria during her first stay at BMH. Further testimony was presented that Dr. Stevens also acted unreasonably in failing properly to interpret the results of two CAT scans performed on Mrs. Rosploch. On the critical issue of causation, plaintiff-appellant's expert, Dr. David Snydman, testified that the approximate two week delay in discovering and treating Mrs. Rosploch's listeria primarily caused her pain and suffering and her death. Indeed, Dr. Snydman testified that with early intervention, Mrs. Rosploch "would have survived."

The defendants did not dispute the evidence that Mrs. Rosploch experienced much pain and suffering or that the listeria infection was a contributing factor in her death. However, Dr. Orr and the defendants' expert witness, Dr. David Cross, testified that although Mrs. Rosploch had developed listeria-induced brain abscesses, her death was due to other complicating factors, including cirrhosis and internal bleeding. Although Dr. Orr testified that he "wished he had" diagnosed the listeria sooner, the defendants essentially contended that because of Mrs. Rosploch's other medical problems, and the high fatality rate of persons over seventy who contract listeria, she would have died even if the listeria infection had been promptly diagnosed and treated.

At the close of the evidence, the case was submitted to the jury along with special interrogatories to record findings on liability and damages. See Fed.R.Civ.P. 49(a). The interrogatories and responses were as follows:

1. Do you find that the defendant Robert D. Orr, M.D. was negligent and that his negligence was a proximate cause of Mrs. Rosploch's pain and suffering and medical expenses and of pecuniary loss to her next-of-kin?

A. Yes.

2. Do you find that the defendant Houston F. Stevens, M.D. was negligent and that his negligence was a proximate cause of Mrs. Rosploch's pain and suffering and medical expenses and of pecuniary loss to her next-of-kin?

A. Yes.

3. If, and only if, you answered "yes" to Question #2, do you find that the defendant Brattleboro Memorial Hospital is liable for Mrs. Rosploch's pain and suffering and medical expenses and for pecuniary loss to her next-of-kin as the plaintiff has alleged in his complaint?

A. No.

4. If, and only if, you answered "yes" to Question #1, do you further find that defendant Robert D. Orr, M.D. was negligent and that his negligence was a proximate cause of Charles Rosploch Sr.'s loss of consortium?

A. No.

5. If, and only if, you answered "yes" to Question #2, do you further find that defendant Houston F. Stevens, M.D. was negligent and that his negligence was a proximate cause of Charles Rosploch Sr.'s loss of consortium?

A. No.

If you answered "yes" to any of the foregoing questions, please state the amount of damages that plaintiff is entitled to recover:

DAMAGES FOR MRS.
ROSPLOCH'S PAIN AND
SUFFERING AND MEDI-
CAL EXPENSES:           $69,856.29
DAMAGES FOR PECUNI-
ARY LOSS:               0
DAMAGES FOR LOSS OF
CONSORTIUM:             0
     TOTAL DAMAGES:  $69,856.29

As demonstrated by the interrogatory responses, the jury found that Dr. Orr and Dr. Stevens were negligent and that their negligence was the proximate cause of Mrs. Rosploch's medical expenses, pain and suffering, and of the pecuniary loss to next-of-kin. The jury awarded damages, however, only for "pain and suffering and medical expenses" in the amount of $69,-856.29. This sum represented *all* of Mrs.

Rosploch's medical expenses incurred both at BMH and Mary Hitchcock. During trial, however, the parties stipulated that, at most, the defendants could be held liable for $39,856.29 in medical expenses. This stipulation was based on the belief that even in the absence of negligence, Mrs. Rosploch would have spent $30,000 on treatment for her listeria and other illnesses. The jury apparently was not informed of this stipulation.

Because the amount of the damage award strongly indicated that the jury awarded damages only for medical expenses, the district court submitted a supplemental special interrogatory to the jury to enable it to apportion the $69,856.29 between medical expenses and pain and suffering. The court denied plaintiff-appellant's request to reinstruct the jury on the issue of damages for pain and suffering. The supplemental interrogatory and responses were as follows:

DAMAGES FOR MRS.
ROSPLOCH'S PAIN AND
SUFFERING:              0
DAMAGES FOR MRS.
ROSPLOCH'S MEDICAL
EXPENSES:               $69,856.29
     TOTAL DAMAGES:  $69,856.29

Since the jury awarded the entire $69,-856.29 for medical expenses only, plaintiff-appellant moved pursuant to Fed.R.Civ.P. 59(a) for a new trial on damages or, alternatively, on all issues. Plaintiff-appellant claimed, among other things, that the damage award was inadequate as a matter of law and that the jury's responses to the special interrogatories, specifically, finding negligence and causation with respect to medical expenses and pain and suffering, yet awarding damages only for Mrs. Rosploch's medical expenses, were inherently inconsistent and incapable of being rationally harmonized.

In a post-trial opinion, the district court denied this motion in its entirety. With regard to plaintiff-appellant's claim that the damage award was inadequate, the court observed that the jury was presented with conflicting evidence regarding the effect of the delay in diagnosing Mrs. Rosploch's listeria; the plaintiff-appellant's evi-

dence demonstrated that Mrs. Rosploch suffered as a result of the late diagnosis and treatment of listeria, whereas the defendants-appellees' evidence showed that her pain and suffering (and death) were "caused by the infection itself and from Mrs. Rosploch's other complicating medical problems rather than any undue delay" in diagnosis and treatment. Because the court concluded that the jury could have credited the latter evidence, the court did not find the verdict inadequate as a matter of law.

The court next determined that the verdict was not irreconcilably inconsistent. While noting that the jury's finding in the original interrogatory questions # 1 and # 2 that Dr. Orr and Dr. Stevens negligently caused Mrs. Rosploch to incur medical expenses and pain and suffering, and caused pecuniary loss to her next-of-kin, was facially inconsistent with its award of damages only for medical expenses, the court believed that the interrogatory responses could be rationally explained. According to the district court:

> The jury … intended to award damages for Mrs. Rosploch's medical expenses but not for pain and suffering or pecuniary loss. Because [original] interrogatories # 1 and # 2 did not permit separate findings of liability, the only way the jury could manifest its intent was to answer those interrogatories in the affirmative and elaborate in its awards of damages. In view of the finding … that a reasonable jury could have reached the conclusion that the negligence of defendants may not have been the cause of Mrs. Rosploch's pain and suffering, or of any pecuniary loss to her next-of-kin, the special verdicts are capable of being harmonized. . . .

Though denying plaintiff-appellant's motion, the court granted defendants-appellees' motions under Fed.R.Civ.P. 59(e) to amend the judgment by reducing it to $39,-856.29 to conform to the parties' stipulation regarding medical expenses. This appeal followed.

## DISCUSSION

Appellant first contends that the jury's responses to the special interrogatories are irreconcilably inconsistent. Specifically, appellant argues that the jury logically could not find that Dr. Orr and Dr. Stevens negligently caused Mrs. Rosploch to incur medical expenses and pain and suffering and then award damages for her medical expenses, but not for her undisputed pain and suffering. We agree.

When special interrogatories are submitted to a jury pursuant to Fed.R.Civ. P. 49(a), the jury's answers thereto "'must be consistent with each other,'" since they form the basis for resolving the case. *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 890 (2d Cir.1988) (citation omitted). In evaluating a claim that a jury's answers to special interrogatories are inconsistent, a reviewing court must "'adopt a view of the case, if there is one, that resolves any seeming inconsistency.'" *Id.* at 891 (quoting *Fiacco v. City of Rensselaer*, 783 F.2d 319, 325 (2d Cir.1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987)); *see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962); *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 748 (2d Cir.1984); 5A *Moore's Federal Practice* ¶ 49.03[4], at 49–39 (2d ed. 1991); *cf. Yodice v. Koninklijke Nederlandsche Stoomboot Maatschappij*, 471 F.2d 705 (2d Cir. 1972) (per curiam), *cert. denied*, 411 U.S. 933, 93 S.Ct. 1902, 36 L.Ed.2d 393 (1973). If the jury's answers cannot be harmonized rationally, the judgment must be vacated and a new trial ordered. *See, e.g., Auwood*, 850 F.2d at 891; *Bernardini v. Rederi A/B Saturnus*, 512 F.2d 660, 662 (2d Cir.1975); *see also* 5A *Moore's Federal Practice* ¶ 49.03[4], at 43.

In the present case, the jury found, among other things, that the negligence of Dr. Orr and Dr. Stevens caused Mrs. Rosploch to incur medical expenses and pain and suffering, but awarded damages for *all* of Mrs. Rosploch's medical expenses and nothing for her undisputed pain and suffering. According to the district court,

this apparent inconsistency could be explained on the theory that the jury believed the defendants' evidence that Mrs. Rosploch's pain and suffering (and death) was caused by the listeria itself, as well as by her other medical conditions, and not by the negligent delay in diagnosing and treating the listeria. We do not believe, however, that the district court's explanation rationally harmonizes what we view as an irreconcilably inconsistent jury determination.

It is undisputed in the present case that the listeria infection, and brain abscesses caused thereby, was a contributing factor in Mrs. Rosploch's death and that as a result of the listeria and other medical problems, Mrs. Rosploch endured great pain and suffering during her stay at Mary Hitchcock. The key issue that emerged at trial therefore was causation, *i.e.*, whether the delay in diagnosing and treating Mrs. Rosploch's listeria caused her to incur, among other things, her medical expenses and pain and suffering.

As demonstrated by the special interrogatories, the jury found that Dr. Orr and Dr. Stevens negligently caused Mrs. Rosploch to incur *all* of her medical expenses, $69,-856.29, covering her stays at BMH and Mary Hitchcock. The jury therefore determined that the negligence of Dr. Orr and Dr. Stevens caused Mrs. Rosploch's condition to worsen to a significant degree, requiring her to undergo substantial medical treatment. It is inconceivable that this treatment resulted in *none* of her undisputed pain and suffering. Further, had the jury believed, as the district court suggests, that the appellees' negligence caused *none* of Mrs. Rosploch's pain and suffering, on the theory that she would have suffered and died in any event, it does not logically follow that the jury would have found that Dr. Orr and Dr. Stevens negligently caused *all*—or indeed any—of Mrs. Rosploch's medical expenses.

Thus, the jury having found that appellees' negligence resulted in Mrs. Rosploch's not receiving treatment for a deadly infection for approximately two weeks, and that this negligence proximately caused *all* of her medical expenses, we simply find it irreconcilably inconsistent for the jury to have awarded zero damages for her contemporaneous, undisputed pain and suffering. *See, e.g., Davis v. Becker & Associates, Inc.*, 608 F.2d 621, 623 (5th Cir.1979) (verdict finding defendant was negligent and caused plaintiff's injury, together with award of all of plaintiff's lost wages and earnings, cannot be reconciled with award of zero damages for plaintiff's uncontroverted pain and suffering); *Kumorek v. Moyers*, 203 Ill.App.3d 908, 148 Ill.Dec. 906, 909, 561 N.E.2d 212, 215 (1990) (inconsistent verdict where damages awarded for all of plaintiffs' medical expenses but zero damages awarded for pain and suffering). Accordingly, because the jury verdict is incapable of being harmonized rationally, a new trial must be ordered. *E.g., Auwood*, 850 F.2d at 891.

■ Having determined that this case must be remanded for a new trial, we next consider whether the new trial must encompass all issues, or may be limited only to damages. *See* Fed.R.Civ.P. 59(a). Appellant contends that a retrial should be confined solely to damages because the jury found negligence and causation in its answers to the special interrogatories. *See, e.g., Crane v. Consolidated Rail Corp.*, 731 F.2d 1042, 1050 (2d Cir.) (where elements of a claim are determined separately in special interrogatories, "error with respect to one issue will *ordinarily* not constitute reason to retry an issue that was separately determined") (emphasis added), *cert. denied*, 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 114 (1984). We believe, however, that under the circumstances of this case, the new trial must address both liability and damages.

"It is well established that a partial new trial 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir.1983) (quoting *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931)).

Thus, a partial retrial on damages alone is not warranted where "the question of damages ... is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Gasoline Products*, 283 U.S. at 500, 51 S.Ct. at 515; *see also Northeastern Tel. Co. v. American Tel. & Tel. Co.*, 651 F.2d 76, 95 (2d Cir.1981) (vacating judgment made on special interrogatories in a Sherman Act case and remanding for a new trial on liability and damages because two issues were interwoven), *cert. denied*, 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 654 (1982); *Caskey v. Village of Wayland*, 375 F.2d 1004, 1009–10 (2d Cir.1967) (vacating judgment in a negligence action because of erroneous damages instruction but ordering new trial on liability and damages); 6A *Moore's Federal Practice* ¶ 59–06, at 57–58.

Upon considering the applicable standard, we believe that the issues of damages and liability are too interwoven in this case to allow us to grant a new trial on damages only. As discussed above, it was undisputed that Mrs. Rosploch endured much pain and suffering during the last month of her life and that the listeria infection was a contributing factor to her death. The central issue at trial was therefore whether the delay in diagnosing and treating this illness proximately caused, among other things, her medical expenses, pain and suffering, and/or her death. Under these circumstances, we do not believe that a second jury could make a reasonable determination regarding the amount of compensable damage suffered without considering the reason for and the effect of the delay in diagnosis and treatment—issues crucial to liability as well as to damages. *See, e.g., Northeastern Tel. Co.*, 651 F.2d at 95.

We note further that appellants' argument, that the retrial must be on damages alone simply because the district court employed special interrogatories, is misplaced. Although the use of such interrogatories "ordinarily" facilitates the grant of a retrial limited to the issues erroneously decided, *see, e.g., Crane*, 731 F.2d at 1050, their use does not have talismanic significance. Even when special interrogatories are used, a partial retrial is still not warranted where an examination of the facts of a particular case reveals that an issue erroneously decided is inextricably interwoven with other issues in the case. *See, e.g., Bohack*, 715 F.2d at 708–09; *Northeastern Tel. Co.*, 651 F.2d at 95; *cf. Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 756 (2d Cir.1984) (retrial on damages appropriate since issue to be retried "is sufficiently distinct" from other issues *and* since special interrogatories were used dealing separately with liability and damages). Accordingly, because the issues of liability and damages in this case are inextricably intertwined, we hold that the retrial must be on all issues.[2] *See, e.g., Gasoline Products*, 283 U.S. at 500, 51 S.Ct. at 515.

Since we conclude that appellant is entitled to a new trial based on the irreconcilable inconsistencies of the jury's responses to the special interrogatories, we need not address appellant's claim that a new trial was warranted because the damages were inadequate as a matter of law. For the same reason, we need not examine whether the district court erred in failing to offer appellant a remittitur on medical expenses or, in the alternative, a new trial.

## CONCLUSION

We have considered appellant's remaining contentions and find them to be without

---

**2.** Although we direct that a trial *de novo* be held, we note that appellant does not contend that the jury verdict was inconsistent in failing to award damages for the claimed pecuniary loss to Mrs. Rosploch's next-of-kin. Appellant also does not challenge the jury's finding in interrogatories 4 and 5 that Dr. Orr and Dr. Stevens, respectively, did not negligently cause Mr. Rosploch's claimed loss of consortium. We

leave to the parties and to the sound discretion of the district court the question of whether these claims should be submitted to the jury at retrial.

We note further that to facilitate the clear resolution of the liability and damages issues at retrial, the special interrogatories, if employed, should clearly separate the elements of negligence and causation with respect to each claim.

merit. Based on the foregoing, we reverse the order of the district court denying appellant's motion for a new trial, vacate the amended judgment, and remand the case for a new trial on all issues.