[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12598
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01188-RWS

MYRA FURCRON,

                                        Plaintiff-Appellee-Cross Appellant,

versus

MAIL CENTERS PLUS, LLC,

                                        Defendant-Appellant-Cross Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 12, 2019)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Myra Furcron successfully sued Mail Centers Plus, LLC (MCP) for sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Although the jury determined that Furcron "suffered damages because of the hostile work environment," it did not award her any monetary damages. The district court then granted equitable relief. Namely, it ordered MCP to (1) update its Title VII compliance training and (2) include a copy of Furcron's complaint and the jury's verdict in her personnel file. In the same order, the district court denied Furcron's motion for a new trial on damages or to amend the verdict. Both parties appealed.

On appeal, MCP argues that the district court abused its discretion by granting these forms of equitable relief because (1) Furcron would not personally benefit from the order requiring MCP to update its training polices, as she is no longer an employee, and (2) the verdict documents are unrelated to Furcron's termination, so including them in her personnel file is unnecessary.

Furcron argues in her cross-appeal that the district court erred in denying her motion for a new trial on damages and to amend the jury verdict. She argues that a new trial on damages is warranted because it was inconsistent for the jury to find that she suffered damages from a hostile work environment, but then to refuse to award her monetary compensation for her emotional pain and mental anguish.

2

Alternatively, she argues that the district court should have awarded her nominal damages.

We address each argument in turn and, ultimately, affirm in part and vacate in part.

## I.      Factual and Procedural Background

Furcron sued her former employer, MCP, in Georgia state court on March 7, 2014.  She alleged that another employee, Danny Seligman, sexually harassed her and, after she complained, the company retaliated against her by firing her.  She asserted that MCP's actions constituted impermissible sex discrimination and retaliation, in violation of her Title VII rights.

MCP removed Furcron's action to federal court.  Following discovery, MCP moved for summary judgment on both claims.  The district court granted the motion.  On appeal, we affirmed the grant of summary judgment on her retaliation claim and vacated and remanded on her sexual harassment claim.  *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295 (11th Cir. 2016).

After the trial, the court prepared draft jury instructions.  The parties did not raise any objections relevant to this appeal.  Questions One and Two of the verdict form asked the jury whether Seligman harassed Furcron because of her gender and whether that harassment created a hostile work environment.  Questions Three and Four asked whether Furcron's supervisor knew or should have known of the

3

hostile work environment and, if so, whether he took prompt remedial action to eliminate the hostile work environment. Question Five then asked whether "Furcron suffered damages because of the hostile work environment." Question Six asked whether "Furcron should be awarded damages to compensate for emotional pain and mental anguish due to the hostile work environment."

During closing arguments, Furcron's counsel explained the verdict form to the jury. Addressing Question Five, counsel explained that the testimony showed that Furcron could not sleep, had nightmares, feared for her safety, gained weight, started drinking again, and was depressed, all of which showed that she suffered damages and should be awarded money. As to Question Six, counsel stated that emotional distress damages are those that the jury thought was fair compensation for what Furcron went through.

The court then instructed the jury. In relevant part, the court stated that the jury could only hold MCP responsible for the hostile work environment if Furcron's supervisors or someone with the proper authority knew or should have known of the hostile work environment and permitted it to continue by failing to take remedial action. As to the question of damages, the court stated that the jury could not consider any damages related solely to her suspension or discharge, as the case did not include a claim related to those actions. The court stated that Furcron did not have to introduce evidence of a monetary value for intangible

4

damages like mental anguish, and there was no exact standard for the jury to apply in determining what amount would fairly compensate her.

The jury determined that Seligman harassed Furcron, the harassment created a hostile work environment, her supervisor knew or should have known of the hostile work environment, and her supervisor failed to take prompt remedial action to eliminate the hostile work environment. As to Question Five, the jury found that Furcron suffered damages because of the hostile work environment. As to Question Six, however, the jury found that she should not be awarded damages to compensate for the emotional pain and mental anguish.

The court then asked the parties if they had any objections to the verdict form. Furcron stated that she did not, but argued that the verdict was inconsistent. The court disagreed, concluding that the verdict was not irreconcilable because the jury could follow the instructions and still reach the verdict that it did. For example, the court reasoned, the jury could have felt that she suffered damages but failed to prove them, or the jury may have felt that she was damaged but was not entitled to money for the kind of damage that she suffered. The court therefore concluded that there was no basis for not accepting the verdict.

Following trial, Furcron moved for equitable relief and a new trial on damages. In her motion for equitable relief, she asked the district court to order MCP to: (1) remove records relating to her termination from her personnel files or

5

require MCP to include a copy of the verdict in her personnel file; (2) refrain from interfering with her future employment; (3) re-train company management regarding Title VII compliance; and (4) post the verdict in her workplace. In her motion for a new trial on damages, Furcron argued that the jury's failure to award her any monetary amount was inconsistent with its finding that she suffered damages. She argued that the inconsistent findings could not be reconciled, so a new trial on damages was appropriate. Alternatively, Furcron argued that the district court should amend the verdict to correct the legal error and award her nominal damages.

The district court granted in part and denied in part Furcron's motion for equitable relief and denied her motion for a new trial and to amend the judgment. First, the court found that the jury's answers regarding damages were not inconsistent because, as stated, the jury could have felt that she suffered damages but failed to prove them, or the jury may have felt that she was damaged but was not entitled to money for the kind of damage that she suffered. And, for the same reason, the court found that there was no legal error that must be corrected, so it refused to amend the verdict to award nominal damages.

But because the jury found that MCP violated Title VII, the court concluded that it had discretion to grant equitable relief to remedy that violation. The court ordered MCP to (1) implement a new training program to train management on

6

how to deal with Title VII harassment cases and (2) include a copy of the verdict in Furcron's personnel file, if MCP also included documents relating to Furcron's termination in her personnel file.

Following entry of the court's order, MCP appealed, and Furcron cross-appealed.[1]

## II.    Equitable Relief

We review a district court's grant of equitable relief in a Title VII case for abuse of discretion. *See Gowski v. Peake*, 682 F.3d 1299, 1310 (11th Cir. 2012) (per curiam). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010) (quotation omitted).

The purpose of Title VII is to make victims whole following unlawful discrimination, and courts have broad discretion to fashion the "most complete relief possible." *Gowski*, 682 F.3d at 1314 (quotation omitted). If the district court finds that an employer has engaged in an unlawful employment practice, the court may enjoin the employer from engaging in such unlawful employment practice and

---

[1] The order designated in MCP's Notice of Appeal also granted Furcron's motion for attorney's fees, but issues relating to the award of attorney's fees are addressed in a separate appeal.

order any equitable relief as the court deems appropriate.  42 U.S.C. § 2000e-5(g)(1).

We have held, however, that in a Title VII action brought by an individual plaintiff, the plaintiff must be part of the class that will benefit from any injunctive relief awarded.  *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1136 (11th Cir. 1984).  In *Carmichael*, the plaintiff sought injunctive relief ordering his former employer to adopt policies to remedy the effects of past discrimination.  *Id.* Because he did not seek reinstatement or otherwise show how he would personally benefit from the requested relief, we determined that the relief was unnecessary to the just disposition of the action and was therefore inappropriate.  *Id.*; *see also Wallace v. Dunn Const. Co., Inc.*, 62 F.3d 374, 380 (11th Cir. 1995) (stating that, if plaintiff prevailed on her Title VII claims, injunctive relief would not be appropriate because she was no longer employed with the defendant company); *Dybczak v. Tuskegee Inst.*, 737 F.2d 1524, 1527 (11th Cir. 1984) ("[I]n a suit brought in the plaintiff's individual capacity, injunctive relief benefiting nonparties is not required if it in no way relates to the vindication of the plaintiff's rights.").

Here, the district court abused its discretion when it ordered MCP to institute additional training to prevent harassment.  Furcron was not entitled to seek equitable relief from which she would not personally benefit.  *See Carmichael*, 738 F.2d at 1136.  And because she is no longer a MCP employee, she would not

personally benefit from any additional managerial training; therefore, such relief was inappropriate. Furcron relies on non-controlling cases to argue that, in some circumstances, a court may fashion relief that will not personally benefit the plaintiff. *See, e.g.*, *Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d 1026, 1028–29 (8th Cir. 1994); *EEOC v. Boh Bros. Const. Co., LLC*, 731 F.3d 444, 451, 470 (5th Cir. 2013) (en banc). But she does not dispute *Carmichael*'s holding, which is binding. Accordingly, we vacate the district court's order to the extent that it requires MCP to institute additional training.

We affirm, however, the order to the extent that it requires MCP to include a copy of the complaint and verdict in Furcron's personnel file. The court was entitled to fashion the "most complete relief possible," and Furcron would benefit from having those documents included in her file to provide the full context of her employment. *Gowski*, 682 F.3d at 1314 (quotation omitted).

### III.    Motion for a New Trial

We review a district court's denial of a motion for a new trial for abuse of discretion. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 901 F.3d 1282, 1288 (11th Cir. 2018). A damages award is reviewed for clear error. *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1303 (11th Cir. 2007).

A verdict is inconsistent when there is "no rational, non-speculative way to reconcile . . . two essential jury findings." *Reider v. Philip Morris USA, Inc.*, 793

9

F.3d 1254, 1259 (11th Cir. 2015) (quotation omitted). The district court must attempt to reconcile an inconsistent verdict and, if a view of the case makes the answers consistent, the court must adopt that view. *Id.* If the verdict cannot be reconciled, the court may order a new trial. *Id.* The district court may grant a new trial on all issues, some issues, or solely on damages. *See* Fed. R. Civ. P. 59(a)(1); *see also Mekdeci v. Merrell Nat. Labs., a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1513 (11th Cir. 1983).

Federal Rule of Civil Procedure 59(e) authorizes a court to reconsider or amend a judgment. "The only grounds for [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

Here, the district court did not abuse its discretion in denying Furcron's motion for a new trial. The jury's finding that Furcron suffered damages as a result of the hostile work environment did not necessarily indicate that it believed that she suffered emotional pain and mental anguish for which she should be compensated. Rather, the jury simply may have believed that she suffered damages, but the damages were not severe enough to warrant compensation.[2]

---

[2] Other circuits agree that "a finding of liability but no damages does not necessarily render a verdict fatally inconsistent." *Rogers v. McDorman*, 521 F.3d 381, 369 (5th Cir. 2008); *see also Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 391 F.3d 936, 945 (8th Cir. 2004) ("[A] jury's

Accordingly, it was not an abuse of discretion to deny Furcron's motion for a new trial as to damages. *Reider*, 793 F.3d at 1259 (holding that, where an allegedly inconsistent verdict can be reconciled, it should be left untouched).[3]

Furcron argues that this result is contrary to *Davis v. Becker & Associates, Inc.*, 608 F.2d 621, 623 (5th Cir. 1979). But *Davis* is distinguishable. There, the jury found the defendant liable for the plaintiff's injuries and awarded plaintiff backpay and future wages. *Id.* at 622. The jury, however, did not award the plaintiff damages for pain and suffering. *Id.* The former Fifth Circuit concluded that this verdict was inconsistent. *Id.* at 623. According to the Court, awarding the plaintiff lost earnings necessarily meant the jury found that he was totally disabled as a consequence of the defendant's negligence. *Id.* And it is inconsistent, the court reasoned, to simultaneously conclude (1) that someone was totally disabled due to an injury and (2) that injury did not cause that person pain and suffering. No similar inconsistency exists here. *Id.*; *cf. Arceneaux v. Mike Hooks, Inc.*, 15

---

finding of liability without a corresponding award of damages does not invalidate the verdict."); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1036 (9th Cir. 2003) ("[T]he federal rule is that failure to award damages does not in itself render a verdict invalid.").

[3] MCP also argues that the jury could have reasonably concluded that Furcron suffered damages, but that those damages were a result of her termination, not the sexual harassment. But this argument ignores the plain language of the jury instruction, which asked the jury to decide whether "Ms. Furcron suffered damages *because of the hostile work environment*." The jury found that Furcron indeed suffered damages as a result of the hostile work environment, not the termination.

11

F.3d 1079 (5th Cir. 1994) (per curiam) (employing the same reasoning to distinguish *Davis* in a similar case).

Lastly, Furcron urges us to amend the verdict. She argues that the inconsistent verdict represents a "legal error." But, for the reasons previously stated, we find the verdict consistent. We therefore affirm the district court's denial of her motion to amend the verdict.

**AFFIRMED IN PART AND VACATED IN PART.**