## GASOLINE PRODUCTS CO., INC., *v.* CHAMPLIN REFINING CO.

No. 3̣62.   Argued April 17, 1931.—Decided May 18, 1931.

Messrs. *John B. Marsh* and *Robert Hale* for petitioner.

Mr. *Horace G. McKeever,* with whom Messrs. *Harry O. Glasser, William S. Linnell, Carl C. Jones,* and *Emery O. Beane* were on the brief, for respondent.

Mr. Justice Stone delivered the opinion of the Court.

Petitioner brought suit in the District Court for Maine, to recover royalties alleged to be due under a contract by which it licensed respondent to use two " Cross cracking units," structures adapted to the use of the " Cross cracking process " for increasing the production of gasoline from crude oil. Respondent pleaded, by way of counterclaim, in two separate counts, a contract by petitioner to construct a " Cross vapor treating tower " for treatment of gasoline, produced by the cracking units, necessary to make it marketable. The consideration for this contract was alleged to be the execution of the license contract already referred to and of two related contracts, one by a third party for the construction of the cracking units, and another by which petitioner guaranteed that they would work. Performance of these contracts is admitted.

Both counts of the counterclaim were based on the same series of transactions. The first alleged a contract arising from an oral proposal by petitioner's vice-presi-

dent in January, 1926, to construct for respondent a Cross vapor system treating tower, the cost of which was to be repaid by respondent to petitioner if the tower functioned in a satisfactory manner. This proposal was alleged to have been accepted by the execution of the other contracts. The second count alleged a written proposal of like tenor by petitioner to respondent, accepted by respondent on February 6, 1926, and confirmed by the later execution of the other contracts. Both counts charged that by reason of petitioner's failure to construct the treating system, and pending the construction of a substitute system by respondent, the latter was compelled to store large quantities of the cracked gasoline awaiting treatment, resulting in four principal items of damage: the expenses of storage; depreciation of the gasoline by evaporation and other causes; the loss incident to shutting down respondent's plant because of the lack of treating apparatus; and the loss of anticipated profits from the sale of gasoline.

The jury returned a verdict on petitioner's cause of action, and a verdict for respondent on the counterclaim, leaving a balance in petitioner's favor for which the District Court gave judgment. The Court of Appeals for the First Circuit reversed because of errors in the charge of the trial court with respect to the measure of damages on the counterclaim; but in directing a new trial, it restricted the issues to the determination of damages only, 39 F. (2d) 521, following in this respect its earlier decisions in *Farrar* v. *Wheeler,* 145 Fed. 482; *Calaf* v. *Fernandez,* 239 Fed. 795; *Atteaux & Co.* v. *Pancreon Mfg. Corp.,* 22 F. (2d) 749. See also, adopting the same practice, *Original Sixteen to One Mine* v. *Twenty-one Mining Co.,* 254 Fed. 630; *Thorpe* v. *National City Bank,* 274 Fed. 200; *Chicago, R. I. & P. Ry. Co.* v. *Stephens,* 218 Fed. 535; *Fentress Co.* v. *Elmore,* 240 Fed. 328; *Great Western Coal Co.* v. *Railway Co.,* 98 Fed. 274; see *Empire Fuel Co.*

v. *Lyons*, 257 Fed. 890, 897. This Court granted certiorari, 282 U. S. 824, to review the single question whether the court below erred in thus limiting the new trial, upon a petition setting up a conflict of the decision with that of the Court of Appeals for the Third Circuit in *McKeon* v. *Central Stamping Co.*, 264 Fed. 385. See also *Kean* v. *National City Bank*, 294 Fed. 214, 226.

Petitioner contends that the withdrawal from consideration of the jury, upon the new trial, of the issue of liability on the contract set up in the counterclaim, is a denial of its constitutional right to a trial by jury. The Seventh Amendment provides: " In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reëxamined in any Court of the United States, than according to the rules of the common law." It is argued that as, by the rules of the common law in force when the Amendment was adopted, there could be no new trial of a part only of the issues of fact, a resubmission to the jury of the issue of damages alone is a denial of the trial by jury which the Amendment guarantees.

It is true that at common law there was no practice of setting aside a verdict in part. If the verdict was erroneous with respect to any issue, a new trial was directed as to all.[1] This continued to be the rule in some states after the adoption of the Constitution;[2] but in many it has not been followed, notwithstanding the presence in their constitutions of provisions preserving trial by jury. The Massachusetts courts early modified it to permit a new

---

[1] *Parker* v. *Godin*, 2 Strange 813; *Swain* v. *Hall*, 3 Wilson 45; *Berrington's Case*, 3 Salk. 362; *Bond* v. *Spark*, 12 Mod. 275.

[2] *Boswell* v. *Jones*, 1 Wash. 322 (Va. 1794); *Gardner's Administrator* v. *Vidal*, 6 Rand. 106 (Va. 1828); *Sawyer* v. *Merrill*, 10 Pick. 16 (Mass. 1830); *Tuttle* v. *Gates*, 24 Maine 395 (1844); *Knowles* v. *Dow*, 22 N. H. 387, 411 (1851).

trial of less than all the issues of fact when they were clearly separable. *Bicknell* v. *Dorion*, 16 Pick. 478; see *Simmons* v. *Fish*, 210 Mass. 563, 565; 97 N. E. 102. The rule as thus modified has been generally accepted in the New England states, see *Zaleski* v. *Clark*, 45 Conn. 397, 404; *McKay* v. *New England Dredging Co.*, 93 Maine 201; 44 Atl. 614; *Lisbon* v. *Lyman*, 49 N. H. 553, 582 *et seq.; Clark* v. *New York, N. H. & H. R. Co.*, 33 R. I. 83; 80 Atl. 406; *Parizo* v. *Wilson*; 101 Vt. 514; 144 Atl. 856, and consistently followed by the Court of Appeals for the First Circuit.

Lord Mansfield, in applying the common law rule where the verdict, correct as to one issue, was erroneous as to another, said: ". . . for form's sake, we must set aside the whole verdict . . ." *Edie* v. *East India Co.*, 1 W. Bl. 295, 298. But we are not now concerned with the form of the ancient rule. It is the Constitution which we are to interpret; and the Constitution is concerned, not with form, but with substance. All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law. See *Herron* v. *Southern Pacific Co.*, *ante*, p. 91. Beyond this, the Seventh Amendment does not exact the retention of old forms of procedure. See *Walker* v. *Southern Pacific R. Co.*, 165 U. S. 593, 596. It does not prohibit the introduction of new methods for ascertaining what facts are in issue, see *Ex parte Peterson*, 253 U. S. 300, 309, or require that an issue once correctly determined, in accordance with the constitutional command, be tried a second time, even though justice demands that another distinct issue, because erroneously determined, must again be passed on by a jury.

If, in the present case, the jury has found, in accordance with the applicable legal rules, the amount due to

petitioner on the contract for royalties and all the elements fixing its liability on the treating plant contract, there is no constitutional requirement that those issues should again be sent to a jury, merely because the exigencies of the litigation require that a separable issue be tried again. Such is not the effect of *Slocum* v. *New York Life Insurance Co.,* 228 U. S. 364, which decided only that an appellate federal court may not direct judgment *non obstante veredicto,* solely because the verdict given is not sustained by the evidence, but in that event must order a new trial. There it was held that the Seventh Amendment does not permit the entry of judgment on a trial at law before a jury upon an issue of fact, without the verdict of the jury. Here we hold that where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again.

As the issues arising upon petitioner's cause of action on the royalty contract are clearly separable from all others and the verdict as to them already given is free from error, it need not be disturbed. But the question remains whether the issue of damages is so distinct and independent of the others, arising on the counterclaim, that it can be separately tried. The verdict on the counterclaim may be taken to have established the existence of a contract and its breach. Nevertheless, upon the new trial, the jury cannot fix the amount of damages unless also advised of the terms of the contract; and the dates of formation and breach may be material, since it will be open to petitioner to insist upon the duty of respondent to minimize damages.

But it is impossible from an inspection of the present record to say precisely what were the dates of formation and breach of the contract found by the jury, or its terms. Different dates are alleged in the counterclaim as that of the contract—one, February 6, 1926; the other, the date

of final execution of the related contracts, fixed by some of the testimony at March 20th. No date was set for performance, and what the jury, by its verdict, found to be the reasonable time for performance, is not disclosed by the record.

The contract alleged was to construct a single treating tower; but there was a sharp conflict in the testimony as to whether the oral proposal was for one, two, or three towers. To pass on the claim for loss of profits, the jury must know whether the contract to construct was the extent of the undertaking, and, if so, the number of towers to be built, or whether petitioner also agreed that the plant, whatever the number of towers, was to be adequate to treat all gasoline produced by respondent. In addition, the jury must know whether there was a guaranty that the treating system would work satisfactorily, or, if not, whether in fact it would have done so. But the present verdict, awarding as damages on the counterclaim less than the total of the items claimed by respondent, exclusive of alleged loss of profits, cannot be taken as establishing any of these material facts.

Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. See *Norfolk Southern R. Co.* v. *Ferebee*, 238 U. S. 269, 274; *American Locomotive Co.* v. *Harris*, 239 Fed. 234, 240; *Simmons* v. *Fish, supra*, p. 568; *McBride* v. *Huckins*, 76 N. H. 206, 213; 81 Atl. 528; *General Motors Co.* v. *Shepard Co.*, 47 R. I. 153, 156; 130 Atl. 593; *LeFebvre's Administrator* v. *Central Vermont Ry. Co.*, 97 Vt. 342, 358; 123 Atl. 211. Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial.

See *Simmons* v. *Fish, supra.* There should be a new trial of all the issues raised by the counterclaim.

*Reversed.*