George R. DARBROW, a Minor, By
Minerva L. Brown, His Guardian,

v.

Douglas A. McDADE, Appellant.

No. 12514.

United States Court of Appeals
Third Circuit.

Argued April 25, 1958.

Decided May 28, 1958.

G. Thomas Miller, Harrisburg, Pa. (Bailey & Rupp, William S. Bailey, Harrisburg, Pa., on the brief), for appellant.

Macey E. Klein, Harrisburg, Pa. (Irwin Benjamin, Hurwitz, Klein, Meyers

& Benjamin, Harrisburg, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The defendant appeals from a verdict and judgment for the plaintiff in an action for damages resulting from a motor vehicle accident in which the plaintiff was the defendant's passenger. At the first trial of the action in the district court a verdict was rendered for the plaintiff in the sum of $594, the precise amount of the plaintiff's medical and hospital expenses. The jury awarded nothing for pain and suffering. Accordingly, on motion of the plaintiff the court granted a new trial limited solely to the question of damages. At the second trial a verdict was rendered awarding the plaintiff damages in the sum of $4,819, $594 for medical and hospital expenses and $4,225 for pain and suffering. The court denied a motion by the defendant for a new trial based on the alleged excessive amount of the verdict and the alleged prejudice resulting from the grant of the new trial limited to damages only.

The major contention of the defendant on this appeal is that it was reversible error to grant a partial new trial limited to damages only. It is quite true that in McKeon v. Central Stamping Co., 1920, 264 F. 385, this court so held. But our holding in this regard was overruled by the Supreme Court in Gasoline Products Co. v. Champlin Refining Co., 1931, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188, and the doctrine of that case has been implemented procedurally by Rule 59(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and has been followed in this circuit. Tompkins v. Pilots Ass'n for Bay and River Delaware, D.C.Pa.1940, 32 F.Supp. 439; Yates v. Dann, D.C.Del.1951, 11 F.R.D. 386. It is also true that under the Gasoline Products case a partial new trial may not be granted unless it clearly

appears that the issue to be retried is so distinct and separable from the others that a retrial of it alone may be had without injustice. Under the facts of this case, however, where the verdict determined the issue of the defendant's liability but the jury failed to include all the elements of damage, we cannot say that the district court abused its discretion when it held that the issues of liability and damages were so distinct and separable that a retrial of the issue of damages alone could be had without injustice.

The defendant also contends that the verdict was excessive. However after considering the evidence we are unable to say that the amount of the verdict was so grossly excessive that the denial of another new trial on that issue was an abuse of discretion. Brest v. Philadelphia Transportation Co., 3 Cir. 1954, 216 F.2d 331.

The defendant's other contentions are equally without merit and require no discussion here.

The judgment of the district court will be affirmed.