David Radford MURPHY, Plaintiff,

v.

L & J PRESS CORPORATION, Defendant.

No. 74–834C(3).

United States District Court, E. D. Missouri, E. D.

June 18, 1979.

**412**

Vincent M. Igoe, Ray E. White, St. Louis, Mo., for plaintiff.

James J. Amelung and Stephen D. Hoyne, Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon a variety of motions filed by the parties herein. Plaintiff brought this suit, pursuant to 28 U.S.C. § 1332, seeking damages for injuries resulting from the use of defendant's punch press. This cause was tried to the jury on the theory of strict liability in tort. The jury returned a verdict in plaintiff's favor in the sum of $1,000,000.00.

Plaintiff has filed a motion for new trial with respect to Count V of plaintiff's complaint, which count pleaded a claim for punitive damages. Plaintiff has also filed a motion to amend the judgment to provide for interest at the rate of 6% per annum from and after the date of plaintiff's injury. Defendant has filed a motion requesting that this Court stay execution, or any proceedings to enforce the judgment herein until disposition of its motion for judgment notwithstanding the verdict, or alternative motion for a new trial.

It is the Court's conclusion that defendant's motion for new trial should be granted in part, and that this cause should be retried with respect to damages only. All other motions will be denied.

Rule 59(a), Federal Rules of Civil Procedure, provides in part:

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

This Court is empowered to grant a new trial, in the exercise of its discretion, when the verdict was contrary to the clear weight of the evidence.

Regardless of the rhetoric used the true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. *Firemen's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8th Cir. 1972).

See also *Richardson v. Communications Workers of America*, 530 F.2d 126 (8th Cir. 1976); *Solomon Dehydrating Company v. Guyton*, 294 F.2d 439 (8th Cir. 1961).

After consideration of the evidence adduced herein, it is the Court's firm conclusion that the verdict rendered is excessive and "the result of bias, prejudice or reckless disregard" by the jury. *Mueller v. Hubbard Milling Co.*, 573 F.2d 1029, 1040 (8th Cir. 1978). Plaintiff did suffer a seri-

ous injury, losing four fingers of his right hand. He had worked at the Hart Manufacturing Company for approximately two weeks prior to his injury, earning $2.50 per hour. His employment history, both before and after the accident, is sparse. Although the issue of punitive damages had been removed from the jury's consideration, plaintiff's counsel argued, without objection during said closing argument, that "Mr. Murphy would be more than delighted, would be pleased, if your verdict were probably $500,000.00" and

> . . . your verdict will set a standard in this community that everyone can fall back on the rely on and know that if this happens to one of our friends and loved ones . . . someday it will be presented and someday you will reach a just verdict . . . .

The award of $1,000,000.00 is clearly excessive in light of the evidence.

Defendant has urged that, because of the excessive verdict, a new trial be granted as to all issues herein. Plaintiff has not responded to defendant's motions. It is the Court's conclusion that a new trial on the issues of damages alone is sufficient. A partial new trial is appropriate where "the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice". *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). See also *Camalier & Buckley-Madison, Inc. v. The Madison Hotel, Inc.*, 168 U.S.App.D.C. 149, 513 F.2d 407 (1975). Although the court in *Heckman v. The Federal Press Company*, 587 F.2d 612 (3d Cir. 1978) decided that the issue of damages could not be separated from the issue of liability in a punch press case, it is this Court's conclusion, under the circumstances of this case, that the issue of damages is clearly distinct and separable from the issue of liability. None of the evidence relating to liability was pertinent or relevant to the issue of damages.

Accordingly, defendant's motion for new trial will be granted in part and this cause is set for trial on the issue of damages alone. All other motions will be denied.