**Kenneth BANKEY, Plaintiff–Appellee,**

v.

**STORER BROADCASTING COMPANY, an Ohio Corporation, WJBK–TV–2, Defendant–Appellant.**

No. 84–1296.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1985.

Decided Aug. 9, 1989.

Dickinson, Wright, Moon Van Dusen and Freeman, Theodore R. Opperwall (argued), John Corbett O'Meara, Detroit, Mich., for defendant-appellant.

Donald J. Gasiorek (argued), Patrick Burkett, Sommers, Schwartz, Silver & Schwartz, Southfield, Mich., for plaintiff-appellee.

Before ENGEL, Chief Judge *,
KENNEDY and MILBURN, Circuit
Judges.

MILBURN, Circuit Judge.

Defendant Storer Broadcasting Company appeals the final judgment of the district court, entered pursuant to a jury verdict, awarding plaintiff Kenneth Bankey damages of Fifty-five Thousand Dollars ($55,000.00) in this diversity action alleging that defendant breached its employment contract with plaintiff when it terminated plaintiff's employment. Plaintiff's theory of liability is based on the seminal decision by the Michigan Supreme Court, *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980), wherein the court held that a legally enforceable employment contract providing that an employee shall not be discharged except for cause may arise either by express agreement or as a result of an employee's legitimate expectations grounded in an employer's policy statements. *Id.* at 598–99, 292 N.W.2d at 885. The primary question presented in this appeal, which was certified by this court to the Michigan Supreme Court, is as follows:

> Once a provision that an employee shall not be discharged except for cause becomes legally enforceable under *Toussaint* as a result of an employee's legitimate expectations grounded in the employer's written policy statements, may the employer thereafter unilaterally change those written policy statements by adopting a generally applicable policy and alter the employment relationship of existing employees to one at the will of the employer in the absence of an express notification to the employees from the outset that the employer reserves the right to make such a change?

In view of the opinion of the Michigan Supreme Court answering the question and for the reasons hereinafter stated, we reverse the judgment of the district court and remand these proceedings for a new trial on all issues consistent with this opinion.

I.

Plaintiff Kenneth Bankey was employed by defendant as a salesman for thirteen years until he was discharged on March 23, 1981. The reason given for the discharge by defendant was poor job performance. On July 15, 1982, plaintiff filed a complaint in the Michigan Circuit Court for the County of Oakland alleging that throughout his employment with Storer there existed a policy that Storer would not terminate its employees without just cause and that in reliance upon that policy he remained in Storer's employ for more than twelve years. On August 24, 1982, Storer removed the case from the Circuit Court for Oakland County to the United States District Court for the Eastern District of Michigan on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. This case is controlled by the substantive law of the State of Michigan.

Plaintiff successfully argued in the district court that his employment relationship with Storer was controlled by the company's 1980 Personnel Policy Digest which expressly states that "an employee may be ... discharged for cause." In January 1981, Storer revised its Digest to eliminate any "for cause" requirement for discharge of its employees. The January 1981 Digest states that "[e]mployment is at the will of the Company." The district court found as a matter of law that the 1980 Digest created a "for cause" employment contract and that once such a contract is established under *Toussaint*, the employer cannot unilaterally alter the employment relationship as to *existing* employees to permit discharge at will. The court's ruling on this issue was made following defendant's motion for directed verdict at the close of plaintiff's case.

The district court accordingly instructed the jury that Storer was bound by the cause-for-discharge policy contained in the 1980 Digest despite its adoption of a general at-will policy in 1981 and that the only question of fact was whether Storer had

* The Honorable Albert J. Engel assumed the

duties of Chief Judge effective April 1, 1988.

such cause to discharge plaintiff.[1] The jury determined that Storer did not have such cause and awarded damages to plaintiff.

On appeal the parties moved prior to oral argument to certify the question presented herein to the Michigan Supreme Court. On consideration by a motions panel of this court, the motion was denied without prejudice to raise the request before the present panel to which the appeal was assigned for oral argument and decision. We unanimously determined that the interpretation of *Toussaint* proffered by appellant presents a question of Michigan law that is not controlled by Michigan Supreme Court precedent. Therefore, by our order of January 22, 1986, we certified the question set forth *supra* to the Michigan Supreme Court pursuant to Rule 7.305(B) of the Michigan Court Rules, MCR 7.305(B) (1985).

## II.

The Michigan Supreme Court accepted certification. Thereafter, on June 6, 1989, the Michigan Supreme Court issued its opinion, *In re Certified Question (Bankey v. Storer Broadcasting Company)*, 432 Mich. 438, 455–58, 443 N.W.2d 112, 120–21 (1989), in which it held:

> While ... an employer may make changes in a written discharge-for-cause policy applicable to its entire work force or to specific classifications without having reserved in advance the right to do so, we caution against an assumption that our answer would condone changes made in bad faith—for example, the temporary suspension of a discharge-for-cause policy to facilitate the firing of a particular employee in contravention of that policy.
>
> The principles on which *Toussaint* is based would be undermined if an employer could benefit from the good will gen-

erated by a discharge-for-cause policy while unfairly manipulating the way in which it is revoked. Fairness suggests that a discharge-for-cause policy announced with flourishes and fanfare at noonday should not be revoked by a pennywhistle trill at midnight. We hold that for the revocation of a discharge-for-cause policy to become legally effective, reasonable notice of the change must be uniformly given to affected employees.

> We emphasize that our answer today is necessarily limited by the wording of the certified question which asks whether an employer under the circumstances set forth may unilaterally change from a discharge-for-cause to an employment-at-will policy. (footnote omitted).

We answer the certified question in the affirmative. An employer may, consistent with *Toussaint*, unilaterally change a written discharge-for-cause policy to an employment-at-will policy even though the right to make such a change was not expressly reserved from the outset.

After receiving the Michigan Supreme Court's opinion on the certified question, we afforded the parties an opportunity to submit supplemental briefs. The supplemental briefs have now been received and reviewed.

While there appears to be no allegation or evidence in the record that defendant Storer was guilty of bad faith in changing its Personnel Policy Digest to provide in 1981 that "[e]mployment is at the will of the company," a factual issue is presented as to whether or not reasonable notice of the policy change was uniformly given to the affected employees. Due to the district judge's erroneous ruling that once a "for cause" employment contract is established under *Toussaint*, the employer cannot unilaterally alter the employment relationship as to existing employees to prevent discharge at will, and its erroneous instruction to the jury regarding the applicable dis-

---

**1.** The district court gave the following instruction:

Now in the context of this case, I have ruled as a matter of law that the Personnel Policy Digest of the Defendant created a contract of employment between the Plaintiff and the De-

fendant that provided that Plaintiff's employment could not be terminated without cause. You are to decide, in your deliberations, whether the reason given for Mr. Bankey's discharge amounted to good cause.

charge standard, we are of the view that a new trial should be awarded. Moreover, in that notice is inextricably intertwined with liability, the issue concerning notice is not sufficiently "distinct and separable from the other [issues] that trial of it alone may be had without injustice." *Gasoline Prod. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931); *see also Devine v. Patteson*, 242 F.2d 828, 832 (6th Cir.), *cert. denied*, 355 U.S. 821, 78 S.Ct. 27, 2 L.Ed.2d 36 (1957).

### III.

Accordingly, we REVERSE the judgment of the district court and REMAND this cause for a new trial on all issues consistent with this opinion.[2]

---

**2.** Nothing stated herein shall preclude the possibility of summary judgment being awarded upon remand should either party furnish proof to warrant summary judgment.