Henry HOOT, Plaintiff—Appellant,

v.

CONTRA COSTA COUNTY; City of Orinda; David Beason, Deputy Sheriff; Arthur Shields; Warren Rupf, Sheriff, Defendants—Appellees.

No. 00–16075.

D.C. No. CV–95–02950–MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 21, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Henry Hoot appeals the district court's denial of his alternative motions for judgment as a matter of law or for a new trial, following a jury verdict finding that police officers unlawfully arrested Hoot but did not cause him any damage. Hoot contends that these findings are fatally inconsistent. Faced with the undisputed evidence that Hoot had to pay $250 for bail, we agree. Accordingly, we reverse the denial of Hoot's motion and remand for a new trial.

When a jury returns a special verdict form with apparently inconsistent findings, a trial court must try to reconcile the findings, rejecting them only if there is no reasonable way to read them together. *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir.1987). The trial court appropriately attempted to reconcile the findings. It reasoned that, if the jury believed that Hoot's own conduct was a substantial factor in his arrest, it could have consistently found both that the police falsely arrested Hoot and that the officers caused him no damage. This in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

terpretation of the verdict, however, is not reasonable.

A finding of false arrest is possible only if the police officers who made the arrest did not have probable cause to believe that the arrestee committed a crime. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (per curiam). If the arrest was a false arrest, it was, by definition, not justified by Hoot's conduct. Thus, the police, not Hoot, were the cause of any damage resulting from a false arrest. Because it is undisputed that Hoot paid $250 bail, the finding that Hoot was falsely arrested cannot be reconciled with the finding that the police caused no damage to him. The court abused its discretion by denying the motion for a new trial after the jury returned irreconcilable findings.

Liability and damages are not sufficiently "distinct and separable" in this case to allow retrial on damages alone.[1] *See Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). The inconsistency of the findings that the police officers falsely arrested Hoot but did not cause him any damage suggests some confusion on the issue of liability, not only on damages. Additionally, the communications during the jury deliberation between the jury and the judge regarding statutory damages create an even greater question about the intent of the jury. In light of these circumstances, it is impossible to discern the intent of the jury. Therefore, we remand the matter for a new trial on all issues.

After the district court's original decision in this case, the California state legislature passed an amendment clarifying the meaning of California Civil Code § 52.1. We leave it to the district court on remand to determine in the first instance whether the amendment applies to Hoot's case.

REVERSED AND REMANDED.

---

1. Because liability and damages are intertwined, the district court properly denied Hoot's motion for judgment as a matter of law on damages.

