John PRENDEVILLE, Plaintiff—
Appellant,

v.

Samuel SINGER; Bovis Lend Lease
LMB, Inc.; GCI Kamer Singer, Inc.;
Lehrer McGovern Bovis, Defendants—
Appellees.

No. 04–15161.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 28, 2005.

Beau Sterling, Esq., Heidi P. Stern, Esq., Beckley Singleton, Chtd., Las Vegas, NV, for Plaintiff–Appellant.

Samuel B. Benham, Esq., Terry J. Care, Esq., Hunterton & Associates, Las Vegas, NV, for Defendants–Appellees.

Before: BEEZER, KOZINSKI, and FERNANDEZ, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

John Prendeville ("Prendeville") appeals the district court's grant of a motion for new trial and offer of remittitur. Prendeville brought suit against his former employer, Bovis Lend Lease LMB, one of its employees, Samuel Singer, and Singer's public relations firm, GCI Group (collectively "Defendants"), alleging defamation. A jury found for Prendeville and awarded $850,000 as compensatory damages. The district court found the jury award excessive and the result of passion or prejudice. Defendants' motion for a new trial was granted. In the alternative, the district court offered Prendeville remittitur in the sum of $50,000. Prendeville declined the remittitur and a second jury found for Defendants.

Prendeville asserts that the district court's finding that Prendeville was a limited public figure is erroneous and that two jury instructions were defective.

### I

We review a ruling on a motion for new trial pursuant to Rule 59(a) for abuse of discretion. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003), *cert. denied*, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004).

### A

■ When a district court concludes that a damage award is excessive, after viewing the evidence in the light most favorable to the prevailing party, the court must grant a new trial on damages unless the prevailing party accepts a remittitur which the court considers justified. *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir.1983). The proper amount of a remittitur is the maximum

amount sustainable by the evidence. *D & S Redi–Mix v. Sierra Redi–Mix & Contracting Co.*, 692 F.2d 1245, 1249 (9th Cir. 1982).

In a case involving defamation *per se,* damages are presumed and no proof of actual harm to reputation is required for the recovery of damages. *K–Mart Corp. v. Washington*, 109 Nev. 1180, 866 P.2d 274, 284 (1993) *receded from on other grounds, Pope v. Motel 6*, 114 P.3d 277 (Nev.2005). A court, nonetheless, retains discretion to grant a new trial for excessive damages where the amount of presumed damages awarded is wholly unsupported by the evidence presented. *Nev. Indep. Broad. Corp. v. Allen*, 99 Nev. 404, 664 P.2d 337, 347 (1983) (reducing a $675,000 presumed compensatory damages award to $50,000).

Prendeville waived any damages claim for lost wages and offered scant testimony on harm to his professional reputation. There was no evidence presented of humiliation or emotional harm suffered by Prendeville. In light of the extremely limited evidence of damages presented, the district court correctly determined that the jury verdict was excessive and could only be the result of passion or prejudice. A remittitur to $50,000 was appropriate because the court reasonably concluded that $50,000 was the maximum amount sustainable by the evidence. The district court did not abuse its discretion. *D & S Redi–Mix*, 692 F.2d at 1249.

### B

■ Prendeville contends that the district court improperly required him to relitigate the issue of liability in the second trial. A district court has "discretion to reopen liability if a new trial on damages alone would work injustice." *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 638 (9th Cir.1995) citing *Gasoline Prods. Co. v.*

*Champlin Ref. Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). Where damages are "so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty," retrial must be on both issues. *Gasoline Prods. Co.*, 283 U.S. at 500, 51 S.Ct. 513.

The basis for the jury's finding of liability in the first trial is not clear from the verdict. The district court would have been unable in the second trial to clearly instruct the jury as to the basis of the presumed liability leading to juror confusion. Any retrial of damages alone would also have necessarily encompassed all the same evidence as a trial on liability. Liability is not "so distinct and separable from the others that a trial of it alone may be had without injustice." *Id.* The district court correctly ordered a new trial as to all issues.

### II

The district court properly resolved Prendeville's public figure status and we need not resolve other issues not raised in the trial court.

### A

■ A limited public figure is an individual who has "achieved fame or notoriety based on their role in a particular public issue." *Pegasus v. Reno Newspaper, Inc.*, 118 Nev. 706, 57 P.3d 82, 91 (2002) citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351–52, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). "A limited purpose public figure is a person who voluntarily injects himself or is thrust into a particularly public controversy or public concern, and thereby becomes a public figure for a limited range of issues." *Id.*

Prendeville had contacted the media regarding his claims of wrongful termination,

sent his complaint to approximately twenty companies in the related business fields and provoked publicity surrounding his allegations. Prendeville categorized his complaint and the allegations contained therein as a matter of "public importance" and asserted that publicity of the complaint was important for the dual purposes of helping people and putting pressure on the company to correct its alleged unlawful activities. Prendeville voluntarily created and "injected himself" into a public controversy. The district court correctly found that Prendeville was a limited public figure and was therefore required to prove malice as an element of his defamation claims.

## B

We will only review objections to jury instructions in a civil case if the party objected to the district court's proposed instructions and "stat[ed] distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51(c)(1); *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713–14 (9th Cir.2001). A party waives any objection to a jury instruction unless the district court is "alerted to the exact nature of the disagreement." *Id.* at 715. Prendeville failed to state specifically his objections to the challenged instructions prior to the instructions being given to the jury and his objections are therefore waived. *Snake River Valley Elec. Ass'n. v. PacifiCorp*, 357 F.3d 1042, 1053 (9th Cir.2004).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.