# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

September 8, 2011

## Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 10-3728 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MAURICE COBIGE, personally and as special representative of the estate of Patricia Cobige, *Plaintiff-Appellee*, | |
| **v.** | |
| CITY OF CHICAGO, ILLINOIS, *et al.*, *Defendants-Appellants*. | No. 06 C 3807<br>Amy J. St. Eve, *Judge*. |

## Order

Plaintiff-appellee filed a petition for rehearing on July 26, 2011, and defendants-appellants filed a petition for rehearing on August 9, 2011. All of the judges on the panel have voted to deny rehearing. The petitions for rehearing are therefore DENIED.

The opinion of this court issued on July 12, 2011, is amended as follows:

Page 2 line 22 is amended by adding "with respect to compensatory damages" after the word "officers".

Page 3 lines 4 to 6 are amended by deleting the sentence that begins "The state-law claim…".

Page 9 is amended by replacing the final two paragraphs with this language:

The district court should take care to avoid recurrence of a problem that cropped up in the first trial. The jury's verdict is ambiguous. It awarded $3 million in compensatory damages on one count of the complaint and $2 million on another. It is possible that the jury meant these to be added, as the judge did, for a total of $5 million, but it is also possible that the jury meant them to be alternative awards, with only the greater to be enforced. The verdict form used in this case was not as opaque as the one in *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 310–14 (7th Cir. 2010), but it was far from ideal and should be improved for the next trial. *Thomas* offers some help for that endeavor. It would be inappropriate to vacate just the wrongful-death award, while leaving the awards on other theories untouched. The jury may have seen a relation among the amounts it awarded for compensatory damages under different theories of liability and adjusted one in light of the others. If any of them must be retried, all must be retried.

The judgment is affirmed to the extent it establishes the police officers' liability and the amount of punitive damages but is vacated to the extent that it assesses the amount of compensatory damages. The case is remanded for a new trial limited to compensatory damages.