
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALITTA AIR L.L.C., | No. 12-15725 |
| Plaintiff - Appellant, | D.C. No. 4:96-cv-02494-CW |
| v. | |
| CENTRAL TEXAS AIRBORNE SYSTEM INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: FARRIS, BLACK[**], and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Kalitta Air L.L.C. (Kalitta) appeals the district court's entry of judgment in favor of Central Texas Airborne System Inc. (CTAS) following a jury verdict in favor of CTAS on Kalitta's negligence claim. This is the third time this case has come before this Court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not abuse its discretion by refusing to enter a partial verdict in favor of Kalitta following the entry of a mistrial in March 2005. *See Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1134 (9th Cir. 1995). The 2005 jury did not resolve the entirety of Kalitta's negligence claim, and the issue of CTAS's breach of a duty was so intertwined with the issues of causation and damages that holding a partial retrial on causation and damages alone would have caused confusion and uncertainty. *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931); *Pumphrey*, 62 F.3d at 1133-34.

Second, the district court did not abuse its discretion by allowing CTAS to present evidence that Hayes International (Hayes) made a conscious decision to omit a doubler from the supplemental type certificate (STC) because the evidence was relevant as it had a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Kalitta's theory of liability was based on the assumption that, had CTAS investigated the necessity of a doubler, that part would

have been added to the STC. Had a doubler been added to the design and installed on Kalitta's planes that had been modified pursuant to the STC, Steve Fox would not have initiated his investigation and the Federal Aviation Administration (FAA) would not have issued the Airworthiness Directive (AD) which effectively grounded the planes. However, if Hayes intentionally omitted a doubler from its design, it was less likely to second-guess that decision and add a doubler to the STC in response to an investigation by CTAS. Accordingly, the evidence related to a key element of Kalitta's causation case, and the district court's decision to admit it was not "beyond the pale of reasonable justification under the circumstances." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (internal quotation marks omitted).

Third, Kalitta raises a host of issues pertinent to its negligent misrepresentation claim and various negligence theories unrelated to the issue of the absent doubler. Kalitta, however, explicitly and strategically abandoned its negligent misrepresentation claim and other negligence theories for the pared-down third trial. The abandoned issues Kalitta now seeks to appeal include (1) the exclusion of William Pieper's testimony, which was proffered to establish that CTAS's installation and modification services fell below industry standards; (2) the district court's redaction of two FAA Reports that Kalitta explicitly says

3

"proved [its] negligent misrepresentation claim"; (3) whether CTAS was governed by Amendment 23 or Amendment 45 to the FAA Regulations—an issue that the parties agreed had not been raised during the third trial; and (4) the district court's exclusion of Donald Buckley's testimony about FAA-mandated reporting requirements for observable skin wrinkling on aircraft. Having made the deliberate choice to abandon its claim of negligent misrepresentation and other negligence theories, and to forgo the introduction of the specified items of evidence in favor of presenting a streamlined theory of liability relating solely to CTAS's alleged negligence regarding the doubler, Kalitta cannot now blame the district court for the consequences of its actions.

Nevertheless, even if Kalitta could pursue its abandoned issues at this juncture, we would reject them on the merits. After reviewing the voluminous record on appeal, we are convinced the district court did not abuse its discretion in making these rulings. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008).

Fourth, Kalitta pursues a plethora of lingering issues from the first trial in 2001 that could have been presented to this Court during Kalitta's first appeal. These issues include (1) the district court's redaction of the AD; (2) the issuance of a limiting instruction directing the jurors that they could not consider the contents

4

of the AD for its truth; (3) allowing CTAS to collaterally attack the AD; (4) the issuance of a limiting instruction informing the jurors they could not consider two service bulletins for their truth; and (5) the district court's issuance of an independent contractor instruction regarding Terry Cox, CTAS's chief stress engineer for the modification of Kalitta's planes. We will not consider these contentions because the district court made the same rulings during the first trial and the same arguments Kalitta now advances were available during its first appeal to this Court. *Kesselring v. F/T Arctic Hero*, 95 F.3d 23, 24 (9th Cir. 1996); *Munoz v. Cnty. of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982) ("We need not and do not consider a new contention that could have been but was not raised on the prior appeal.").

Finally, we need not consider any of Kalitta's various damages issues because the jury during the third trial never reached the issue of damages. Further, because we have already concluded that none of the alleged errors enumerated by Kalitta warrant reversal or remand for a retrial, it is unnecessary to consider CTAS's arguments regarding the economic loss doctrine.

**AFFIRMED.**

5