

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMCO INSURANCE COMPANY, | No. 12-16773 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01257-NC |
| v. | |
| EUREKA OXYGEN COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| AMCO INSURANCE COMPANY, | No. 12-16891 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-01257-NC |
| v. | |
| EUREKA OXYGEN COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted October 9, 2014
San Francisco, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

The parties each appeal the district court's denial of their respective motions following a jury award of $43,900 in a negligence action resulting from damage caused by a fire. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in denying AMCO's motion for additur of $674,300. Courts may not award damages in excess of a jury verdict unless the defendant consents, *DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 838 (9th Cir. 1963), which did not occur here.

The district court erred in denying AMCO's motion for a new trial. At trial, AMCO's claims adjustor testified that the costs to repair or replace the building exceeded the policy limit of $689,400, and the total damages of $718,200 included lost rental income of $28,800. While the claims adjustor stated on cross-examination that she did not know how the contractors had derived the repair or replacement cost estimates they provided her, Eureka did not adduce any evidence that damages were less than the $718,200 or that AMCO could have mitigated the damages. Because the jury's award of $43,900 was not supported by any evidence in the record and was grossly inadequate, the district court abused its discretion by denying AMCO's motion for a new trial. *DePinto*, 323 F.2d at 838. In this case, the issue of damages is intertwined with the issue of liability, so we must remand

2

for a new trial on all issues.  *See Gasoline Prods. Co. v. Champlin Ref. Co.*, 283

U.S. 494, 500 (1931).

Finally, Eureka cross-appeals the denial of its motion for a judgment as a

matter of law on the grounds that AMCO failed to demonstrate causation.  Viewing

the evidence "in the light most favorable to the nonmoving party," *Josephs v. Pac.*

*Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005), AMCO presented substantial evidence

of causation at trial through the expert testimony of Donald Perkins and Michael

Carlsen.  We therefore affirm the district court on this issue.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

**WITH INSTRUCTIONS TO GRANT A NEW TRIAL ON ALL ISSUES.**[1]

---

[1] Costs are taxed against Eureka.  Fed. R. App. P. 39(a)(4).