NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE PETERSON, an individual, | No.    16-35967 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-00074-SMJ |
| v. | |
| KELLY SERVICES, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted May 9, 2018
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,** Chief District
Judge.

Laurie Peterson appeals the district court's grant of partial summary

judgment to Kelly Services, Inc., on Peterson's claims that the company failed to

accommodate her celiac disease and terminated her in retaliation for protected

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

activities. Peterson also seeks retrial of a claim that survived summary judgment and went to trial. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017), we reverse and remand for a trial on the claims decided on summary judgment.

I.

The district court erred by improperly weighing the credibility of an affidavit from Peterson's district supervisor, Teresa Bruce. Bruce testified that her regional supervisor told her that Peterson's requested accommodation "was not going to happen," that Kelly Services "needed to get rid of" Peterson, and that management "needed to cover [its] tracks." The district court was "not persuaded" that Bruce's testimony was direct evidence because "the record rebut[ted]" it.

First, the district court failed to construe the facts in the light most favorable to Peterson as the non-moving party as required on summary judgment. *Id.* The district court appears to have determined that Bruce's affidavit was not credible based in part on the court's finding that the first protected activity was Peterson's accommodation request on January 14, 2014.[1] But the record shows that Peterson met with Bruce "to go over an accommodation plan" on January 8, 2014. Construing the facts in the light most favorable to Peterson, a jury could

_____

[1] The district court conducted this analysis when considering Peterson's summary judgment motion and simply incorporated its previous conclusions by reference when considering Kelly Services' cross-motion.

2

reasonably conclude that the first protected activity therefore occurred no later than January 8, 2014 – resolving the key apparent contradiction between Bruce's testimony and the remainder of the record.

More fundamentally, a court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009) (rejecting defendant's request to extend the sham affidavit doctrine). Bruce's testimony is direct evidence of retaliatory intent. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998). Very little direct evidence creates a triable issue as to an employer's actual motivation. *Id.* Bruce's declaration also raises a genuine issue of material fact as to whether Kelly Services engaged in the interactive process in good faith. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). As such, we reverse the district court's grant of partial summary judgment and remand those claims for trial.

## II.

Peterson also asks that we vacate a jury verdict on her claim that Bruce's pre-termination actions were retaliatory so that it may be tried together with her claim that her subsequent termination was retaliatory, arguing that these claims are not distinct and separable. *See Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931). But Peterson could have presented evidence of her termination at

her first trial, and she will be able to present evidence of Bruce's pre-termination actions at her second. As such, trial of the remanded claims alone will cause no injustice. *See id.*; *Galdamez v. Potter*, 415 F.3d 1015, 1025 n.8 (9th Cir. 2005).

**REVERSED and REMANDED.**